# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In the Matter of the Application of ) | 3:17-cv-00411-LRH-WGC |
| ) | |
| COMMERCIAL BANK OF DUBAI, ) | **ORDER** |
| ) | |
| Petitioner, ) | |
| ) | |
| for an Order under 28 U.S.C. § 1782(a) ) | |
| Authorizing Service of a Subpoena to ) | |
| Require Testimony and the Production of ) | |
| Documents by ) | |
| ) | |
| NEVADA TITLE COMPANY, ) | |
| WYNN RESORTS, LTD., ) | |
| WYNN LAS VEGAS, LLC, ) | |
| CAESAR'S ENTERTAINMENT CORP., ) | |
| CAESAR'S ENTERTAINMENT ) | |
| OPERATING COMPANY, INC., and ) | |
| LAS VEGAS SANDS CORP., ) | |
| ) | |
| Respondents. ) | |
| _____) | |

Before the court is the *Ex Parte* Petition for an Order under 28 U.S.C. § 19782(a) of the Commercial Bank of Dubai (CBD). (ECF No. 1.)

## I.  PLACE OF FILING  (LR IA 1-8)

Under LR IA 1-8, a civil action must be filed in the clerk's office for the unofficial division of the court in which the action allegedly arose.  A petition under 28 U.S.C. § 1782 may be filed in the district in which resides or is found seeking an order requiring the person to produce a document or give testimony.  However, the "persons" to which CBD's petition applies are all companies "located" (as CBD characterizes it) in Las Vegas, Nevada.  (ECF No. 1 at 7.)

/ / /

No later than noon on Monday, July 24, 2017, CBD is directed to file a supplement to its petition (1) explaining why this action was not filed in the clerk's office of the district's unofficial southern division, or (2) why the action, even if properly commenced in the unofficial northern division, should not be transferred to the unofficial southern division for further proceedings.

## II.  LOCATION OF DEPOSITIONS (FED. R. CIV. P. 45)

Despite representing that Respondents are "located" in Las Vegas, Petitioner is proposing that Respondents appear for depositions at the offices of the Petitioner's counsel in Reno, Nevada . (ECF No. 1-8, 1-9, 1-10, 1-11, 1-12, and 1-13.) CBD's petition also seeks production of documents from Respondents in Reno, Nevada. (ECF No. 1-2, 1-3, 1-4, 1-5, 1-6, and 1-7.)

Fed. R. Civ. P. 45(c)(1)(A) only allows a subpoena to command the appearance of a person at a deposition "within 100 miles of where a person resides, is employed or regularly transacts business in person." Rule 45(c)(2)(A) only authorizes a subpoena seeking production of documents "within 100 miles of where a person resides, is employed or regularly transacts business in person."  Alternatively, to the extent CBD's subpoena seeks an inspection of premises to occur, Rule 45 requires that such inspection is to be "*at* the premises to be inspected."  (emphasis added.)

Because counsel's offices in Reno are more than 100 miles from the location of the businesses from which CBD seeks documents/depositions, it therefore appears to the court that CBD's petition is defective under Fed. R. Civ. P. 45.  No later than **noon on Monday July 24, 2017**, Petitioner shall file a supplement to the petition explaining why its proposed subpoenas are not defective under Rule 45.

**IT IS SO ORDERED.**

DATED:  July 18, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE